UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DERRICK CONLEY                                                      PLAINTIFF

V.                            No. 4:22-CV-00438-KGB-JTR

CLARK, Sergeant, Pulaski County
Detention Facility, *et al*.                                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On May 10, 2022, Plaintiff Derrick Conley ("Conley") and 19 other inmates[1] in the Pulaski County Regional Detention Facility ("PCRDF") jointly filed a single

---

[1] Willie C. Lovelace, Jerry W. West, Xavion Omoware, Roderick Maxwell, Jerry York, Brian Allen, Timothy D. Counts, Donald Slusher, Daniel Owen, Montrell Burns, Charles Horton,

*pro se* § 1983 Complaint alleging that Defendants violated their constitutional rights. *Doc. 1*. In accordance with the Court's general practice, the Clerk severed the joint Complaint into 20 individual § 1983 cases.[2]

## II. Discussion

On May 13, 2022, I entered an Order giving Conley 30 days to either: (1) pay the $402 filing fee, in full; or (2) file an Application to Proceed *In Forma Pauperis* ("IFP"). *Doc. 2*. Subsequently, on May 24, 2022 and May 27, 2022, mail sent to Conley at his address of record, the PCRDF, was returned undelivered with the handwritten notation, "No Longer Here." *Docs. 3 & 4*.

Pursuant to Local Rule 5.5(c)(2), Conley has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently.[3] Additionally, Local Rule 5.5(c)(2) provides that if any

---

Quincy Harris, Christopher Otis, Adrian Jimenez, Antwan Conley, Reginald Crusterson, Jobani Rodriguez, Pedro Ramirez, and Travion Hamilton.

[2] *See* Case Nos. 4:22-cv-00425-KGB-JTR through 4:22-cv-00444-KGB-JTR.

[3] Local Rule 5.5(c)(2) states:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

communication from the Court to a *pro se* plaintiff, like Conley, is not responded to within 30 days, the case may be dismissed, without prejudice. *Id*.

Conley has not provided the Court with a current mailing address, nor has he responded to the Court's May 13 Order. Accordingly, his case should be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Conley's Complaint be DISMISSED, WITHOUT PREJUDICE.

DATED this 30th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE